invitation, he has now changed his position in this court, which he may not do. He has not changed his position, because he made his objections to the interrogatory as a whole, stating it was ambiguous, had no evidentiary basis, and did not reach the ultimate fact. Because he did not complain of one word, "any," is of no importance inasmuch as the interrogatory must be read in its entirety to get the thought sought to be conveyed. A lawyer is under no duty or obligation to correct his opponent's errors or mistakes, neither must he rewrite his opponent's instructions or interrogatories, and the court cannot require him to do so. All he is required to do is state his objections, which he did. This court must consider every word in the interrogatory to ascertain its full meaning, including the word "any."

I think it is error to set aside the general verdict for $17,500 in favor of the widow and five children and enter a judgment for the defendants. I would reverse and enter judgment for the plaintiff for $17,500 against both defendants.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CONNIE LEWIS, Defendant-Appellant.

(No. 55199;

First District—January 19, 1972.

Opinion by Mr. JUSTICE BURMAN.

Gerald Getty, Public Defender, of Chicago, (James N. Gramenos and Charlotte Adelman, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Murray Unger, Assistant State's Attorneys, of counsel,) for the People.